**United States District Court**
For the Northern District of California

1

2

3

4

5                                    IN THE UNITED STATES DISTRICT COURT

6                                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   UNITED STATES ENVIRONMENTAL                    No. C 09-4503 SI
    PROTECTION AGENCY,
9                                                  **ORDER GRANTING IN PART MOTION**
               Plaintiff,                          **BY COMMUNITIES FOR A BETTER**
10                                                 **ENVIRONMENT FOR PERMISSIVE**
    COMMUNITIES FOR A BETTER                        **JOINDER OF BAY AREA AIR QUALITY**
11  ENVIRONMENT,                                   **MANAGEMENT DISTRICT AND JACK**
                                                   **BROADBENT AS DEFENDANTS**
12             Intervenor Plaintiff,

13     v.

14  PACIFIC GAS & ELECTRIC,

15             Defendant.
                                          /
16

17          Pursuant to Federal Rule of Civil Procedure 20, Intervenor plaintiff Communities for a Better

18  Environment ("CBE") has moved to permissively join as defendants the Bay Area Air Quality

19  Management District ("BAAQMD" or "Air District") and Jack Broadbent, in his official capacity as Air

20  Pollution Control Officer of the Air District.  Pursuant to Civil Local Rule 7-1(b), the Court VACATES

21  the May 14, 2010 hearing on the motion.  The case management conference scheduled for 3:00 pm on

22  May 14, 2010 remains on calendar.

23          CBE contends that joinder is appropriate because CBE's proposed claims against these new

24  defendants arise out of the same transactions and occurrences as CBE's claims against PG&E.  CBE's

25  claims against PG&E (as well as the EPA's claims against PG&E) allege that PG&E is in violation of

26  the Clean Air Act because PG&E failed to comply with the preconstruction requirements of the

27  Prevention of Significant Deterioration ("PSD") program in PG&E's construction and operation of the

28  Gateway power plant.  CBE alleges that the Air District issued a PSD permit to PG&E's predecessor

1  in interest, Mirant Delta, LLC, in July 2001 for a power plant designed for the same site where the

2  Gateway plant now operates; that Mirant's PSD permit expired; and that PG&E , the new owner of the

3  plant, finished construction and began operating the power plant without a new PSD permit to replace

4  the expired permit.  CBE's proposed new claims against BAAQMD and Mr. Broadbent allege that the

5  Air District has a duty to administer the PSD program consistent with the Clean Air Act, and that despite

6  the expiration of the Mirant permit, the Air District purported to renew the permit in 2005 and 2007 in

7  violation of the requirements of the Clean Air Act.

8      The EPA[1] and PG&E do not oppose the joinder of BAAQMD and Mr. Broadbent, but they both

9  express concern that CBE's proposed amended complaint goes beyond the scope of the underlying

10  lawsuit by alleging violations of the Clean Air Act, and seeking relief with regard to, facilities other than

11  the Gateway power plant.  The EPA and PG&E assert that the potential breadth of CBE's claims will

12  complicate and delay this litigation and result in time consuming, expensive and unnecessary discovery.

13      The Court finds that the concerns raised by the EPA and PG&E are valid, and that it is

14  appropriate to limit CBE's claims against the new defendants to those involving PG&E's Gateway

15  power plant.  As so limited, the Court finds that the proposed claims against BAAQMD and Mr.

16  Broadbent arise out of the same transactions and occurrences as the underlying claims, and CBE's

17  motion for permissive joinder is GRANTED IN PART.  (Docket No. 33).  CBE shall file a first

18  amended complaint in intervention, limited to claims regarding the Gateway power plant, no later than

19  **May 17, 2010**.

20

21      **IT IS SO ORDERED.**

22

23  Dated:   May 12, 2010

24                        SUSAN ILLSTON
                      United States District Judge

25

26

27      [1]  The EPA states that it does not object to joinder at this time, but that it reserves it rights and

28  does not waive any future arguments, claims, or actions relating to BAAQMD's participation in this case.