DAVID R. FARABEE (Bar No. 130941)
PILLSBURY WINTHROP SHAW PITTMAN LLP
50 Fremont Street
San Francisco, CA  94105
Telephone:  (415) 983-1000
Fax:  (415) 983-1200
E-mail:  david.farabee@pillsburylaw.com

DAVID T. KRASKA  (Bar No. 161878)
Law Department
Pacific Gas and Electric Company
Post Office Box 7442
San Francisco, CA  94120
Telephone: (415) 973-7503
Fax: (415) 973-5952
E-mail:  DTK5@pge.com

Attorneys for Defendant
PACIFIC GAS AND ELECTRIC COMPANY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>　　and<br><br>COMMUNITIES FOR A BETTER ENVIRONMENT,<br><br>　　　　　Intervenor-Plaintiff,<br><br>　　vs.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>　　　　　Defendant. | Case No. C-09-4503 SI<br><br>**JOINT STIPULATION BETWEEN UNITED STATES AND PACIFIC GAS AND ELECTRIC CO. FOR LEAVE TO FILE DOCUMENTS UNDER SEAL AND [PROPOSED] ORDER** |

1
JOINT STIPULATION BETWEEN UNITED STATES AND PACIFIC GAS AND ELECTRIC CO.
FOR LEAVE TO FILE DOCUMENTS UNDER SEAL AND [PROPOSED] ORDER
Case No. C-09-4503 SI

1    Pursuant to the Court's Standing Order pertaining to sealed documents and Civil
2 L.R. 7-12, the United States and Pacific Gas and Electric Company ("PG&E") hereby file
3 this Joint Stipulation for Leave to File Documents Under Seal and [Proposed] Order.
4    Intervenor-Plaintiff Communities for a Better Environment ("CBE") has served its
5 First Set of Requests for Documents to PG&E, to which responses are due by May 14,
6 2010.  Document Request No. 22  requests the following:
7    DOCUMENTS reflecting the cost of OpFlex Turndown and Startup products
8    referred to in paragraph 14 of the PROPOSED CONSENT DECREE and the costs
9    of the installation, operation, and maintenance of such products at GATEWAY,
10    including costs expected to be incurred for any consultants needed for the
11    installation, operation, and maintenance of such products.
12    PG&E has in its possession certain invoices from the seller of the OpFlex Turndown
13 and Startup Products that are responsive to Request No. 22 ("Invoices").  PG&E wishes to
14 produce the Invoices to CBE.  The United States has also requested to review the Invoices
15 and PG&E wishes to provide the Invoices to the United States.  However, the seller of the
16 OpFlex Turndown and Startup Products deems the Invoices confidential.  In an effort to
17 allow the parties to receive copies of the Invoices while also addressing the seller's
18 concerns about confidentiality, PG&E proposed that the parties enter into a Joint
19 Stipulation to file the Invoices under seal with copies provided to counsel of record for their
20 use in the course of the instant litigation.  The United States has agreed to this procedure.
21 CBE has not agreed.
22    PG&E believes it is important for the Court and parties to know the costs PG&E has
23 incurred to date in complying with the proposed Consent Decree, even prior to entry, given
24 that CBE objects to the  proposed Consent Decree in part on the grounds that the
25 settlement, in CBE's view, does not capture the economic benefit PG&E supposedly
26 derived from its alleged non-compliance.  *See* Reply Memorandum of Points and
27 Authorities in Support of CBE's Motion for Permissive Joinder of Bay Area Air Quality
28

Management District and Jack Broadbent, pp. 3-4.  The Court and the parties should have this information regarding the substantial costs incurred by PG&E in installing the OPFLEX products, for their evaluation of the proposed Consent Decree.  However, PG&E is also cognizant of the high importance that the vendor places on maintaining the confidentiality of its pricing information.

Consequently, the United States and PG&E stipulate as follows:

1. PG&E shall file the Invoices under seal;

2. Within three (3) days of the court entering the attached [Proposed] Order, PG&E shall produce the Invoices to counsel of record for the United States;

3 Should counsel for CBE wish to receive copies of the Invoices subject to the conditions of the attached [Proposed] Order, PG&E shall produce the Invoices to counsel of record for CBE within three (3) days of the court entering an Order modifying the attached [Proposed] Order to encompass counsel of record for CBE.

IT IS SO STIPULATED.

I, David R. Farabee, attest that concurrence in the filing of this joint stipulation has been obtained from Bradley R. O'Brien, an attorney for Plaintiff United States of America.

FOR PACIFIC GAS and ELECTRIC COMPANY

Date   May  7, 2010                   /s/ David R. Farabee
                                      DAVID R. FARABEE
                                      Pillsbury Winthrop Shaw Pittman LLP


FOR THE UNITED STATES OF AMERICA

Date   May  7, 2010                   /s/ Bradley R. O'Brien
                                      W. BENJAMIN FISHEROW
                                      ANGELA MO
                                      BRADLEY R. O'BRIEN
                                      United States Department of Justice

**[PROPOSED] ORDER**

GOOD CAUSE APPEARING,

1. Pacific Gas and Electric Company ("PG&E") is permitted to file under seal documents responsive to Request No. 22 as set forth in Communities for a Better Environment's First Set of Requests for Documents to PG&E (hereinafter "Protected Documents").

2. Within three (3) days of the entry of this Order, PG&E shall provide copies of the Protected Documents to counsel of record for the United States in this action.

3. In addition to counsel of record for the United States, Protected Documents and any information contained therein may be disclosed only to the following persons:

    A. Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action; and

    B. The Court.

Protected Documents and any information contained therein shall be used solely for the prosecution of this litigation.

4. The United States shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Documents or any information contained therein.

5. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

6. Upon termination of this action by dismissal, judgment, or settlement, counsel for the United States shall return the Protected Documents to counsel for PG&E.

...

1  Counsel for the United States may retain their attorney work product that refers or relates to
2  any Protected Documents.  Attorney work product may be used in subsequent litigation
3  provided that such use does not disclose Protected Documents or any information contained
4  therein.

5      7.     This Order shall be binding upon the United States and PG&E, and their
6  attorneys, successors, executors, personal representatives, administrators, heirs, legal
7  representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors,
8  or other persons or organizations over which they have control.

10  PURSUANT TO STIPULATION IT IS SO ORDERED. without prejudice to reconsideration at a later date.

13  _____        _____
    Date                        SUSAN ILLSTON
14                              UNITED STATES DISTRICT JUDGE

21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///